UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20008
Summary Calendar
_____


Beatrice M. Thomas,

                              Plaintiff-Appellant,

                    versus

Exxon Company U.S.A.,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-95-CV-939)
_____
August 1, 1997


Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

    Beatrice M. Thomas brought suit against her employer, Exxon

Company U.S.A. ("Exxon"), for race discrimination, national origin

discrimination, and retaliation, in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*,

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the Civil Rights Act of 1866, 42 U.S.C. § 1981.  The district court granted Exxon's motion for summary judgment on Thomas's Title VII claims because she did not file her action within the ninety-day period prescribed by statute.  *See* 42 U.S.C. § 2000e-5(f)(1).  A jury subsequently returned a verdict in favor of Exxon on Thomas's § 1981 discrimination claim.[1]  Thomas appeals the district court's grant of summary judgment in favor of Exxon on her Title VII claims.  In addition, Thomas argues that the district court committed reversible error when it admitted certain evidence at trial.

It is undisputed that the EEOC issued Thomas a notice of her right to sue on December 20, 1994.  The Commission sent the notice by certified mail to the address that Thomas had previously provided.  On December 23, 1994, the receipt was signed by Thomas's eighteen-year-old daughter.  Thomas actually received the notice on December 28, 1994.  Thomas filed suit on March 28, 1995, ninety-five days after her daughter acknowledged receipt of the notice.

The language of Title VII provides that the ninety-day period to bring a civil action begins to run from "the giving of such notice," rather than on the day that such notice is actually received.  *See* 42 U.S.C. § 2000e-5(f)(1); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985).  This court has

---

[1]     The district court granted Exxon's motion for summary judgment on Thomas's § 1981 retaliation claim.  Thomas does not challenge that decision on appeal.

recognized that "ordinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant." *Espinoza*, 754 F.2d at 1249. Thus, the limitations period began to run in this case when Thomas's daughter acknowledged receipt of the notice at the address Thomas provided to the EEOC. Thomas actually received the notice eighty-five days before the ninety-day limitations period expired. Although commencement of the ninety-day period may be delayed pursuant to the doctrine of equitable tolling, that doctrine is inapplicable in the instant case. *See id.* at 1250-51; *see also Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S. Ct. 196, 121 L.Ed.2d 139 (1992). Accordingly, Thomas's failure to file her Title VII claims within the ninety-day limitations period bars her claims.

Thomas also argues that the district court erred by admitting evidence at trial of allegations that she had damaged her computer at work after learning that she had been terminated. We conclude, however, that Thomas's failure to timely and specifically object to the introduction of this evidence precludes our review of the propriety of its admission. *See* FED. R. EVID. 103(a)(1); *United States v. Martinez*, 962 F.2d 1161, 1166 & n.8 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is AFFIRMED.